WILKES BOWEN *vs.* ISENBERG BROTHERS COMPANY, a corporation of the State of Delaware.

*Case—Damages to Carpets left with Defendant for Storage—Bailor and Bailee—Care Required of Bailee—Damage by Fire not Occasioned by Negligence of Defendant.*

1. Carpets which were left by the plaintiff with the defendant for storage were greatly damaged while in the possession of the defendant. The proof in the case established the relation of bailor and bailee between the plaintiff and defendant. *Held* that such relation imposed upon the defendant a certain duty, which was to take reasonable and proper care of said carpets. The care required was just such reasonable care as an ordinarily prudent man would take, under like circumstances, with respect to his own property.

2. Whenever a person holds himself out and engages in any business, occupation or work, the employer has a right to presume that such person possesses all the requisite knowledge and qualifications to properly discharge the duties thus assumed by him.

3. If the carpets were damaged as the result of a fire only, and said fire was not caused by the negligence or carelessness of the defendant, its agents or servants, the plaintiff would not be entitled to recover. But if, after being damaged by the fire, the carpets were further damaged by the carelessness and negligence of the defendant in not taking proper care of them, then while the plaintiff could not recover for the damage sustained by the fire, he would be entitled to recover for whatever damages were caused by the negligence of the defendant after the fire.

4. Measure of damages stated.

*(February* 28, 1907.)

LORE, C. J., and PENNEWILL, J., sitting.

*Horace G. Knowles* for plaintiff.

*Reuben Satterthwaite, Jr.,* for defendant.

Superior Court, New Castle County, February Term, 1907.

ACTION ON THE CASE (No. 149, May Term, 1906), to recover damages to carpets placed by the plaintiff in the storage house of the defendant, said damages being alleged to have been occasioned through the negligence of the defendant.

LORE, C. J., charging the jury:

Gentlemen of the jury:—Wilkes Bowen, the plaintiff in this case, has brought this action against the defendant, Isenberg Brothers Company, to recover damages for injuries which he alleges his carpets received through the negligence of the defendant company.

Plaintiff claims that about May 30th, 1905, he delivered to the defendant company a certain lot of carpets to be cleaned at their carpet cleaning establishment and to be by them stored and safely kept until delivered back again to the plaintiff; that said service was to be performed by the defendant for hire. The plaintiff further claims that the defendant so negligently conducted itself in respect to said carpets that they were greatly damaged and ruined.

The undisputed proof in this case establishes the relation of bailor and bailee between the plaintiff and the defendant. That is to say, the defendant became the bailee of the plaintiff of certain carpets to be by it cleaned and returned for hire. That relation imposed upon the defendant a certain duty, which was to take reasonable and proper care of the said carpets. And we will say to you that the care required was just such reasonable care as an ordinarily prudent man would take under like circumstances with respect to his own property. And if you find in this case that all through this transaction the defendant did take such reasonable and proper care as an ordinarily prudent man would take under like circumstances, then the plaintiff cannot recover.

We will say further that whenever a person holds himself out and engages in any business, occupation or work, the employer has a right to presume that such person possesses all the requisite knowledge and qualifications to properly discharge the duties thus assumed by him.

The defendant claims that whatever loss or damage was sustained in this case to the carpets in question resulted from a fire. If you believe that the carpets of the plaintiff were damaged as a result of the fire only and that the said fire was not caused by the negligence or carelessness of the defendant, its agents or servants, then the plaintiff is not entitled to recover. But if you believe that after the damage done to these carpets by the fire, they were damaged by the careless and negligent manner in which the defendant conducted its business, in not taking proper care of them, then while the plaintiff could not recover for the damage sustained from the fire, he would be entitled to recover for whatever damages were caused by the negligence of the defendant after the fire.

If your verdict should be for the plaintiff, it should be for just such damages as the plaintiff has proved that he has sustained; actual damages, not problematical or speculative damages.

Verdict for defendant.